WILLIAM H. TATOR, PLAINTIFF, v. WILLIAM ADAMS AND OTHERS, DEFENDANTS.

*Reference on distribution of surplus moneys — the referee may inquire as to the validity of liens presented and correct mistakes therein.*

Upon a hearing before a referee, appointed to report as to the distribution of surplus moneys arising upon a sale, under a decree in foreclosure, a claimant produced a mortgage concededly the first lien thereon, but which contained a clause apparently reserving a life estate in the premises in favor of the mortgagor, by virtue of which the judgment creditors of the mortgagor claimed to be entitled to have the value of such life estate first set apart from such surplus and applied to the payment of their debts. The referee, against the objection and exception of the said judgment creditors, allowed the owner of the mortgage to prove that such clause had been inserted by mistake, and having found that such was the fact he held that the mortgage was entitled to priority over the subsequent judgments.

*Held,* that the referee had power to inquire and determine whether or not the clause was inserted in the mortgage by mistake, and that having found it was so inserted he properly gave the mortgage priority over the subsequent judgments.

APPEAL from parts of an order made at a Special Term, allowing exceptions to a referee's report in proceeding for the distribution of surplus moneys, modifying such report and directing the distribution of such moneys.

On the hearing before the referee, the claimant, Ebenezer Adams, the appellant, to sustain his claim, introduced in evidence a mortgage made by the defendant William Adams, on the 21st day of December, 1876, and while he was the owner of the equity of redemption of the mortgaged premises sold in this action, and

by his wife Mary E. Adams, bearing date on that day and conditioned to pay said Ebenezer Adams $2,546.37, and interest.

This mortgage contained a description of the mortgaged premises sold in this action. It also contained the following provision, to wit : " Subject, however, to the estate and interest of the party of the first part in said premises for and during his life and reserving the possession, use and enjoyment of the same during his life."

It was claimed, on the part of the claimant, Ebenezer Adams, appellant, that this reservation in the mortgage of a life estate to the mortgagor was inserted in the mortgage by mistake.

On the hearing before the referee oral evidence was offered on the part of appellant, and received against the objection and exception of the other claimants, for the purpose of showing, as claimed by him, that this reservation in the mortgage was inserted by the mistake or inadvertence of the draftsman, and without the authority or direction of the parties to the mortgage.

. The other claimants are judgment creditors of said defendant, William Adams, holding several judgments recorded and docketed in the proper county against him, after the execution of the said mortgage to the claimant, Ebenezer Adams, and before the sale under the plaintiff's mortgage, and while said William Adams was the owner of the equity of redemption of the premises sold.

The referee reported that the mortgage of Ebenezer Adams was a valid and subsisting lien upon the said surplus moneys and upon the whole thereof, and was the first lien thereupon.

Exceptions were filed to the report, and from an order modifying it in conformity therewith this appeal was taken.

Cornelius Esselstyn, for the appellant, Ebenezer Adams.

Newkirk & Chace, for the judgment creditors, respondents.

Per Curiam :

Although there had previously been some doubt as to the powers of referees in proceedings to distribute surplus moneys, the decision in Berger v. Snedeker (21 Alb. L. J., 54) has settled the matter. It is held, and wisely held in that case, that a question

of fraud may be investigated before the referee, and it follows, by analogy, that every question may be examined tending to show the equities of the claimants. In the present case there is no doubt that the clause in question was inserted by accident and mistake. In an action for the purpose the mortgage would be reformed. There is no need of such an action to determine the rights as to these surplus moneys. They can be determined as well in the present proceeding.

If the mortgage can be reformed as between mortgagor and mortgagee, then the liens of subsequent creditors would not prevent the reformation. Judgment creditors have no better rights than the judgment debtor in such respects; and, therefore, these judgment creditors are not entitled to resist the equity which, in this case, appears in favor of the mortgagee.

The order of Special Term must be reversed and the exception to the referee's report overruled, and an order entered according to his report, with ten dollars costs, and printing disbursements of the appeal, and ten dollars costs of motion to the appellant against the respondent.

Present — LEARNED, P. J., BOCKES and BOARDMAN, JJ.

Order reversed, with ten dollars costs and printing, and exceptions to referee's report overruled, with ten dollars costs; report of referee confirmed.